UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GEORGE GUTIERREZ LUNA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, STATE PENITENTIARY OFFICIALS, ADMINISTRATIVE STAFF,<br><br>　　　　　　Defendants. | 4:17-CV-04145-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on plaintiff George Gutierrez Luna's motion to declare all submissions in this case as null and void. See Docket 8. This matter has been referred to this magistrate judge pursuant to the February 27, 2018, order of the Honorable Karen E. Schreier, United States District Judge, and 28 U.S.C. § 636(b)(1)(A) and (B). The following is this court's recommended disposition of the motion.

## FACTS

On October 10, 2017, plaintiff George Gutierrez Luna sent a letter requesting the court to issue an order to the South Dakota Department of Corrections, state penitentiary officials and administrative staff requiring them to reinstall the prison contact attorney and paralegal. Therefore, the court instructed the clerk to open a new prisoner civil rights case on behalf of Mr. Luna.

Mr. Luna, however, clarified in a letter dated December 19, 2017, that he "do[es] not intend to and am not going to file any additional Complaint in and/or with this matter and case." Docket 8. Instead, Mr. Luna has indicated he wished for his letter to be construed as urging the court to order prison officials to provide legal services pursuant to the ruling in Cody v. Hillard, 599 F. Supp. 1025 (D.S.D. 1984). See Docket 9. Moreover, although Mr. Luna complied with the court's order dated December 19, 2017, ordering him to submit a prisoner trust account report, Mr. Luna indicated he did so unwillingly and under duress because it was not his intent to file a new case.[1] See Docket 8, pg. 2 & Docket 9.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(1) provides:

**(a) Voluntary Dismissal.**

   **(1) By the Plaintiff.**

      (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

         **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

         **(ii)** a stipulation of dismissal signed by all parties who have appeared.

---

[1] Mr. Luna may be a barred filer under the three-strikes provision of the Prison Litigation Form Act. Mr. Luna notes the "unconstitutional PLRA restricts me from filing complaints . . ." See Docket 4.

In this case, the defendants have not yet been served.  Moreover, Mr. Luna has made it quite clear he does not wish this matter to proceed.  Accordingly, dismissal is appropriate.

## CONCLUSION

Based on the foregoing, this court respectfully recommends that Mr. Luna's motion to declare all submissions in this matter as null and void [Docket No. 8] be granted and that this action be dismissed without prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 5th day of March, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge